The following opinion was rendered at special term:
Ingraham, J
“ Assuming that the complaint alleges a good cause of action, I think the defense that the claims against the estate are largely in excess of the assets, including the amount of the surplus funds received by the executor as described in the complaint, is a good defense to the cause of action set up in the complaint.
“It is clear that the plaintiff would not be entitled to *503 the judgment she demands. The trust in the will by the testator, so far as it authorizes the trustee to rent the property and collect the rents and profits, and to pay the same to the beneficiary named, is valid, and that vested the title to the land during the lives of the beneficiaries in the trustee. During such period, the trustee would therefore be entitled to the possession of the premises, and, under the judgment entered, would be entitled to the surplus realized on the sale of the premises. The only judgment that could be granted would be, that the executor pay to himself, as trustee under the will, the amount of the taxes paid, to be held under the valid trust contained in the will.
“The trustee would, therefore, be a devisee of the testator, and would be liable for his debts to the extent of the estate that was devised to him by the decedent (Code, § 1843).
“ The demurrer admits that the admitted claims of the unpreferred creditors are in excess of the assets of the estate, including this fund.
“'It is apparent, therefore, that the judgment directing the executor to hold this fund under the trust contained in the will, would merely render necessary another proceeding to compel the trustee to pay the debts of the estate out of the trust funds in his hands.
“In an action between the same parties to recover taxes on certain other real estate that had been purchased by plaintiff, the general term of this court appear to have held, that under such circumstances, the action could not be maintained.*
“ I think, therefore, the demurrer should be overruled, with costs, plaintiff to have leave to withdraw demurrer on payment of costs.”
The plaintiff did not withdraw the demurrer, and judgment was thereupon entered, dismissing the complaint, with costs.
From such judgment plaintiff appeals.
Stilwell & Swain, attorneys, and Benjamin M. Stilwell, of counsel for appellants, argued:
I. The plaintiff had an estate in the lands which were sold, and applied to the payment of the taxes in question, for which she was not liable, and which should have been paid by the defendant as executor,, and is therefore entitled to subrogation, in the place and stead of the corporation authorities of the city, as a preferred creditor of the estate.
II. An executor is required by law, before paying any general creditor, to pay, out of the personal estate, all taxes imposed upon the lands of the testator, and unpaid at the time of his death ; and it is admitted that the defendant as such executor had in his hands sufficient funds to pay the taxes in question, and neglected to pay them, and they were collected from the plaintiff’s land. Whether or not the claims of unpreferred creditors against the estate exceed the assets, is entirely immaterial. It cannot be claimed, that because the assets are not sufficient to pay the general creditors, the executor is excused from paying the preferred creditors, to pay whom he has abundant funds in hand. Nor can the defendant, as executor, claim an offset or counter-claim, against the plaintiff’s claim or that of the defendant as trustee, on the ground that the plaintiff, as heir-at-law, or that the defendant, as devisee, may become liable for the general debts of the testator, because of the insufficiency of the assets. Neither the heir-at-law nor the devisee is liable to the executor, but only to creditors ; nor can the executor maintain any action against the heir-at-law, or devisee, to recover the value of the land descended (Code, § 1848). Even the creditors have no cause of action against the heir-at-law or devisee until the expiration of three years after the issue of letters testamentary (Code, § 1844), which time has not yet expired.
III. The real estate, upon which these taxes were imposed, having been sold under prior incumbrances, and the proceeds distributed, as required by law, no action could be taken by the executor in the surrogate’s court, *505 under section 2750, to reach these lands or their proceeds, for the purpose of applying them to the payment of the debts. These proceeds could only be reached by creditors under sections 1848-9. The fact that the plaintiff as heir-at-law, and the defendant as trastee and devisee, are liable to the creditors of the testator, to the extent of the estate, right and interest in the real property which descended, or was devised to them, would seem to be a good reason why they should recover from the executor these taxes, which are in effect a part of the value of the real estate, in order that they may be in funds to pay the debts for which they are liable.
IV. The learned judge below, in holding, that to sustain this demurrer and give judgment for the plaintiff in this action, would only render necessary another proceeding to compel the trustee to pay the debts of the estate out of the funds in his hands, overlooked the fact that such proceedings against the devisee could be instituted by the creditors, and, after they had exhausted their remedy, against the heir-at-law {Code, § 1849). The fact that the plaintiff, or the defendant as her trustee, may hereafter, under certain contingencies, be called upon by creditors to account for the moneys recovered in this action, would seem to furnish no reason why the plaintiff and the defendant as her trustee should not recover the same from the executor. If the heir-at-law is responsible for the debts of the testator, it is not to be presumed that she will refuse to pay them, or that any action will be necessary to collect the same to the extent of her liability.
A. J. McCidlough, attorney, and Horace Secor, of counsel for respondent, argued:
I. Even if plaintiff, as heir-at-law, were entitled to payment of these taxes, in preference to other debts, she wrould not be entitled to the judgment asked. In that event, the judgment would direct the defendant to add the amount of the taxes to the surplus funds already in his hands, and hold the *506 entire amount upon the trust set out in the complaint, the life tenants having the same rights as plaintiff, as reversioner.
II. A complete answer to this action arises from the fact that the admitted claims against the estate represented by the defendant, are largely in excess of the assets received by him, including the amount of the surplus funds received by him. It therefore appears that if these taxes were paid out of the personalty, the decedent’s real estate would have to be sold to pay his debts. As it is, this surplus will have to be applied to that purpose. So that, if plaintiff succeeded in this action, the amount of her recovery would be followed in a proceeding by the executor to apply it to the payment of testator’s debts. Therefore, the dismissal of plaintiff’s complaint saves circuity of action, and under the rule which forbids circuity in legal proceedings—circuitus est evitandus : in accordance with which a court of law will endeavor to prevent circuity and multiplicity of suits, where the circumstances of the litigant parties are such that, on changing their relative positions of plaintiff, and defendant, the recovery by each would be equal in amount (.Broom’s Leg. Max. 343, et seq.). The demurrer was properly overruled, and the complaint dismissed.
Per Curiam.
This judgment should be affirmed, for the reasons adduced by the learned judge below in his opinion.
It appears from the facts averred in the complaint and answer, that if the taxes had not been paid out of the proceeds of the real estate, the executor, in the ordinary performance of the duties of his office, would have paid, in the first instance, the taxes out of the personal estate, then he would have applied the remainder of the personal estate to the payment of unpreferred claims, and, there being a deficiency, would have sold in proper proceedings the land, so far as necessary to provide for the deficiency; *507 or the creditors not paid, would have applied to have the land sold (Code, § 2749, et seq.).
The fact that before there appeared to be any deficiency, the property had been sold in actions of foreclosure and for dower, would not have affected the application of whatever surplus there might have, been, with or without taxes first deducted ; for that surplus would be treated as if it were real estate (Code, §§ 2797, 2798). And the application of the defendant’s estate as trustee would have been postponed to the application in the first place of the remainder in fee in plaintiff (Code, § 2764).
As it stands, if the taxes be deemed paid, there will’ be a less deficiency of assets to pay the unpreferred claims, and the plaintiff’s estate will be to that extent relieved from the former obligation to pay the deficiency. If the amount of taxes that have been paid were now separated from the personal estate, and placed in the defendant’s hands as trustee, as real estate, it would, in the end, have to respond to the deficiency, that by the answer, admitted by the demurrer, it is certain there would be. And then the plaintiff would stand where she does now. In the end, the plaintiff will get all the interest she is entitled to have in the testator’s personal or real estate. The defendant, as executor, represents the right of creditors, and can interpose any equity in their behalf that they could interpose in person. If these views be correct, this action is simply to change a method of administration, when the change asked will not benefit the plaintiff pecuniarily.
The judgment should be affirmed, with costs, with leave to plaintiff to withdraw demurrer upon payment of the costs of the demurrer, and of the appeal.

Smith v. Cornell, 51 Super. Ct. 354.